IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

COKIE JOE GOPSHES, JR.               *

        Petitioner,                     *

        v.                                 *    Civil Action No. GLR-17-2324

RICK FOXWELL, et al.,               *

        Respondents.                 *
                                                  *****

## MEMORANDUM OPINION

THIS MATTER is before the Court on Petitioner Cokie Joe Gopshes, Jr.'s Petition for Habeas Corpus seeking relief under 28 U.S.C. § 2254 (2018). The Petition arises from his 2016 convictions in the Circuit Court for Howard County, Maryland of theft over $100,000.00 and the unlawful taking of a motor vehicle. (Compl., ECF No. 1). The Petition is ripe for disposition and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For reasons that follow, the Court will dismiss the Petition.

**I.     BACKGROUND**

A jury found Gopshes guilty of the aforementioned theft and taking of a motor vehicle charges on July 29, 2015. The two offenses were merged for sentencing purposes, and on February 26, 2016, he was sentenced to a 15-year term. In his counseled appeal, Gopshes raised the following two questions "reformulated" by the Court of Special Appeals of Maryland: Did the trial court properly exercise its discretion in permitting Gopshes to be impeached with his prior theft convictions, and was the

evidence sufficient to prove Gopshes knew that the tractor-trailer was stolen. (ECF No. 5-2). In an unreported opinion filed on April 19, 2017, the intermediate Court of Special Appeals of Maryland responded in the affirmative, upholding Gopshes' convictions. Gopshes did not seek certiorari review to the Court of Appeals of Maryland. To date, Gopshes has not filed a post-conviction petition in the state court. (ECF No. 5-1).

The instant Petition, received for filing on August 14, 2017, raises Fourth Amendment claims, alleging a warrantless cellphone search and an illegal search and seizure of his mother's residence, as well as a due process violation. (Compl. at 5, ECF No. 1). Gopshes also raises an Eighth Amendment claim related to his ongoing receipt of medical care for stomach, dietary, and pain medication issues.[1] (Id.). Gopshes seemingly acknowledges that the grounds are being raised in this Court for the first time as he "asked my lawyer to raise the issues." (Id. at 9, § 16). Respondents have filed an Answer to the Petition.[2] (ECF No. 5).

## II.  ANALYSIS

State exhaustion "is rooted in considerations of federal-state comity," and in Congressional determination through federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" Slavek v. Hinkle, 359 F.Supp.2d 473, 479 (E.D.Va. 2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 491–92

---

[1] Gopshes' Eighth Amendment claim sounds as one for insufficient medical care under the Eighth Amendment to the United States Constitution. As he has filed a separate 42 U.S.C. § 1983 lawsuit related to his medical treatment received in the Division of Correction, see Gopshes v. Clem, et al., No. GLR-17-3303 (D.Md.), the Eighth Amendment claim raised here shall be dismissed without prejudice.

[2] In response, Gopshes filed a letter with the Court indicating that he wrote "for post-conviction to be motioned in the [Office of the Maryland] Public Defender."

& n.10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks omitted).

Exhaustion turns on two aspects. First, a petitioner must utilize "all available remedies before he can apply for federal habeas relief." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (citing Matthews v. Evatt, 105 F.3d 907, 910–11 (4th Cir. 1997)). Under this aspect of exhaustion, a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Lack of exhaustion precludes federal habeas relief. See 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . .").

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the precise constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365–66 (1995)).

The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b) and (c). In Maryland, this may be accomplished by raising certain claims on direct appeal and by way of post-conviction proceedings. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); Spencer v. Murray, 18 F.3d 237, 239 (4th Cir. 1994). Exhaustion demands that the petitioner "do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Mallory v. Smith, 27 F.3d 991, 994–95 (4th Cir. 2001); cf. Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. See Preiser, 411 U.S. at 490.

Exhaustion is not required if, at the time a federal habeas corpus petition is filed, a petitioner has no available state remedy. See Teague v. Lane, 489 U.S. 288, 297–98 (1989); Bassett v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990). Conversely, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); see O'Sullivan, 526 U.S. at 844 ("Section 2254(c) requires only that state prisoners give state courts a fair opportunity to act on their claim.").

4

The claims raised here were not raised on direct appeal, nor presented on post-conviction review, which plainly remains available to Gopshes. The claim is unexhausted, and Gopshes has failed to articulate special circumstances which would excuse exhaustion. The Petition shall be dismissed without prejudice to afford Gopshes the opportunity to exhaust his claims in state court by seeking review in a post-conviction proceeding. See Md. Code Ann., Crim. Proc. Art., § 7-101, et seq. He is cautioned that he has one-year from the finality of his direct appeal to exhaust his state court remedies, excluding any time his post-conviction petition proceeding remains pending, and to re-file his Petition in this Court.

When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2018). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001); see also Buck v. Davis, ___ U.S. ___, 137 S. Ct. 759, 773–74 (2017). Here, the legal standard for the issuance of a certificate of appealability has not been met. The Court declines to issue a certificate of appealability.

## III. CONCLUSION

For the foregoing reasons, Gopshes' Petition for Habeas Corpus will be dismissed without prejudice. A separate Order follows.

Entered this 31st day of January, 2018           /s/
                                                        George L. Russell, III
                                                        United States District Judge